**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIE C. BURNS, ) | No. CV 04-3008-PHX-JAT (LOA) |
| Plaintiff, ) | **ORDER TO SHOW CAUSE** |
| vs. ) | |
| SERGEANT MATOS; CO II MIGUEL ) CARBAJAL; CAPTAIN S.R. CONGER; ) DEPUTY WARDEN JOHN ) ONTIVEROS; ADMINISTRATOR TIM ) LAWRENCE; CO II MONROE; LT. ) HOLOCOMB, ) | |
| Defendants. ) | |

Pending before this Court is Defendants' Non-Enumerated 12(b) Motion to Dismiss Plaintiff's Complaint (Doc. #17), in which Defendants allege that Plaintiff failed to exhaust the administrative remedies available at the prison prior to filing this lawsuit. After reviewing the parties' arguments, exhibits, and affidavits, the Court rules as follows:

**I. FACTUAL BACKGROUND**

Plaintiff is currently an inmate incarcerated with the Arizona Department of Corrections ("ADC"). On December 23, 2004, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant prison officials. In his complaint he alleged that his Eighth Amendment rights were violated when: (1) Defendant Ontiveros failed to protect Plaintiff by allowing dangerous inmates to be housed in the same area, (2) Sergeant Matos refused to

1 move Plaintiff from a cell where an inmate threatened him and later attacked him, and (3) 2 Defendants Holocomb and Monroe failed to protect him from an inmate who they saw attack 3 him in the dining area. Plaintiff did not submit formal or informal grievances to prison 4 officials regarding his first two claims. Plaintiff alleges, however, that he filed an informal 5 grievance with his assigned Correctional Officer (CO) III regarding the attack in the dining 6 area. He claims that the CO III failed to respond to that grievance. Plaintiff further alleges 7 that he then proceeded to file a formal grievance. The grievance was then returned to him 8 as "unprocessed" after the time for submission of grievances had already expired, thereby 9 precluding him from refiling with the required corrections. As a result of his alleged efforts, 10 Plaintiff believes he has exhausted all administrative remedies available to him for resolving 11 his grievances and is thus properly before the Court. Defendants contend that the alleged 12 grievance forms related to the third claim and attached to Plaintiff's Response and 13 Opposition to Defendants' "Non-Enumerated Motion to Dismiss Plaintiff's Complaint" 14 (Doc. # 23) are forgeries. Defendants further allege that Plaintiff failed to exhaust all 15 administrative remedies for his first two claims by not submitting them through the inmate 16 grievance system at the prison.

17 **II. DISCUSSION**

18     *A. Legal Standard*

19     Pursuant to 42 U.S.C. §1997e(a) of the Prison Litigation Reform Act, a prisoner may 20 not file a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 until such prisoner 21 has exhausted all administrative remedies available at the prison. Exhaustion is mandated, 22 "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 23 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. *Porter v. Nussle*, 24 534 U.S. 516, 523 (2002).

25     The Ninth Circuit has held that "the failure to exhaust nonjudicial remedies that are 26 not jurisdictional should be treated as a matter in abatement, which is subject to an 27 unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v.* 28 *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding whether or not to dismiss this

1 action, "the [C]ourt may look beyond the pleadings and decide disputed issues of fact." *Id.*
2 at 1119-20. It may take into consideration facts outside the record, including affidavits
3 submitted by the parties. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837
4 F.2d 365, 369 (9th Cir. 1988). The Ninth Circuit has recognized that "it is considerably
5 easier for a prison administrator to show a failure to exhaust than it is for a prisoner to
6 demonstrate exhaustion" and has thus placed the burden upon defendants to prove a lack of
7 exhaustion. *Wyatt*, 315 F.3d at 1119 (quoting *Ray v. Kertes*, 285 F.3d 287, 295 (3rd Cir.
8 2002)). Assuming that Plaintiff has failed to exhaust all available administrative remedies,
9 the proper action for the Court to pursue is to dismiss the claim without prejudice. *Id.* at
10 1120.

*B. Available Administrative Remedies*

12 The Arizona Department of Corrections Inmate Grievance System is set forth in
13 Department Order ("DO") 802. An inmate may use this grievance system for issues related
14 to "[p]roperty, staff, visitation, mail, food service, institutional procedures, Department
15 Written Instructions, program access, medical care, religion and conditions of confinement."
16 (DO 802.01 § 1.1.1). Under both the Standard Grievance (DO 802.09) and the Staff
17 Grievance (DO 802.12) procedures, the inmate must first attempt to resolve the issues
18 informally by submitting a complaint to his assigned CO III. If the issue remains unresolved,
19 the inmate may then file a formal grievance by submitting an Inmate Grievance Form 801-1P
20 within ten calendar days from the date he receives a response from the CO III. (DO 802.09
21 §1.1.2; DO 802.12 § 1.1.2). If a grievance form is returned as "unprocessed" for failure to
22 supply required information, the form will provide the inmate with instructions for proper
23 completion. (DO 802.09 §1.1.6; DO 802.12 § 1.1.4). At least in the case of a Standard
24 Grievance, the inmate must still comply with the original time frames when resubmitting a
25 formal grievance. (DO 802.09 § 1.1.6). The subsequent steps of the process are not relevant
26 under the facts of this case.

1. Claims One and Two

Plaintiff's first two claims are related to an assualt arising out of decisions by prison officials to place dangerous inmates in the same cell or in the same general area as Plaintiff. He alleges that his first two claims were non-grievable issues under Departmental Order 802.01 §1.2.3 because the inmate who assaulted him in his cell was given a disciplinary write-up and because the matter was related to decisions by prison officials to "classify" both inmates in the same cell. Department Order 802.01 §1.2.3. states, "Inmates may not use the inmate grievance system for classification, discipline issues, or any other system which has its own unique appeal process." Plaintiff's belief as to the non-grievable nature of his claims is erroneous. Plaintiff's claims are directly related to the "conditions of [his] confinement" and thus grievable under DO 802.01 §1.1.1.  Because Plaintiff has not filed grievances related to these first two claims, he has failed to exhaust all available administrative remedies for the claims.

Defendants have met their burden of proving Plaintiff's lack of exhaustion as to the first two claims. Accordingly, the first two claims must be dismissed under 42 U.S.C. §1997e(a). Dismissal of these two unexhausted claims, however, does not require the Court to dismiss other claims that may have been fully exhausted prior to initiation of this suit. *Lira v. Herrera*, 427 F.3d 1164, 1170-75 (9th Cir. 2005).

2. Claim Three

Plaintiff alleges that he submitted an informal grievance to resolve his complaints regarding the attack in the dining area and that he never received a response from his assigned CO III. He further alleges that as a result, he was unable to properly submit a formal grievance within the time allotted. Assuming that prison officials did, in fact, prevent Plaintiff from taking advantage of the remedies available by failing to respond to Plaintiff's grievance in a timely manner, Plaintiff would then have a fairly strong argument in support of his claim of exhaustion. *See Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (finding there were no further administrative remedies available when department of corrections failed to respond to inmate's grievance); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.

1 2002) (refusing to interpret statute to allow prison officials to "exploit exhaustion
2 requirement" by refusing to respond to grievances); *Powe v. Ennis*, 177 F.3d 393, 394 (5th
3 Cir. 1999) (finding exhaustion when inmate has properly filed grievance and state's time for
4 responding has expired).

5 In response to Plaintiff's allegations, Defendants have presented persuasive evidence
6 to suggest that Plaintiff's grievance relating to his third claim was never actually submitted
7 but rather forged in such a way as to appear that it had been submitted. The Court has
8 authority to decide this disputed fact. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir.
9 2003). After reviewing the evidence presented by Defendants, the Court finds Plaintiff's
10 alleged grievances to be works of forgery, thereby rendering his attempt to exhaust available
11 administrative remedies incomplete and invalid. The Court has arrived at this conclusion for
12 the following reasons: 1) Faith D. Lee, the Grievance Coordinator who allegedly signed
13 Plaintiff's formal grievance, denies having signed the formal grievance in either the
14 "Grievance Coordinator's Signature" box or the "Staff Member's Signature" box (Lee Aff.
15 at 1); 2) Faith D. Lee was not a Grievance Coordinator at the time the document was signed
16 (Lee Aff. at 1); 2) the dates and "unprocessed" language on the grievance form were not
17 written in Faith D. Lee's handwriting (Lee Aff. at 1); 3) the type-written information at the
18 bottom of the form is a typical response included on grievance forms returned to other
19 inmates (Lee Aff. at 1) and could thus be easily mimicked; 4) although grievances returned
20 as "unprocessed" are copied and placed in ADC's records, no such record exists for
21 Plaintiff's grievance (Lee Aff. at 1; Aguilar Aff. at 1); and 5) the number "4" as written in
22 the date next to Faith D. Lee's alleged signature on the grievance form *is* consistent with
23 Plaintiff's numerous handwritten number "4's" in Plaintiff's Response and Opposition to
24 Defendants' "Non-Enumerated Motion to Dismiss Plaintiff's Complaint" (Doc. # 23),
25 whereas the number "4" written next to Plaintiff's signature on the grievance form *is not*
26 consistent with his numerous "4's" given in his response. In light of this evidence, it appears
27 that Plaintiff did not actually submitted a grievance form to prison officials and thus has not
28 exhausted all available administrative remedies relating to his third claim.

### III. CONCLUSION

Although Plaintiff's first two claims could have been submitted through ADC's inmate grievance system, they were not. Thus, Plaintiff did not exhaust all available remedies at the prison for those claims prior to filing with this Court. Until Plaintiff exhausts such remedies, the federal courts cannot consider his claims. As to Plaintiff's third claim, the Court is not convinced that Plaintiff actually submitted his formal grievance form to prison officials, as would have been required to exhaust all administrative remedies available to him in the prison.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike (Doc. #42) Defendants' Notice of Errata (Doc. #40) is denied because Defendants were merely correcting a deficiency in their prior filing;

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. #17) is granted in part to the extent that Plaintiff's first two claims are dismissed without prejudice; and,

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. #17) remains under consideration with respect to Plaintiff's third claim and **IT IS ORDERED** that Plaintiff show cause to this Court within fifteen days from this date why his third claim should not also be dismissed. This is Plaintiff's final opportunity to submit any evidence he has to prove that the grievance form he attached in response to Defendants' motion was not forged.

DATED this 4th day of April, 2006.

James A. Teilborg
United States District Judge