**WO**
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| WILLIE C. BURNS, | ) | No. CV 04-3008-PHX-JAT (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| SERGEANT MATOS; CO II MIGUEL CARBAJAL; CAPTAIN S.R. CONGER; DEPUTY WARDEN JOHN ONTIVEROS; ADMINISTRATOR TIM LAWRENCE; CO II MONROE; LT. HOLOCOMB, | ) | |
| Defendants. | ) | |

Plaintiff has filed several motions.

First, Plaintiff seeks appointment of counsel on the theory that the issues in this case are complex. This assertion is incorrect. Plaintiff claims he submitted a grievance. Defendant claims he forged the officer's signature on the grievance. The Court is holding a hearing to weigh credibility and make a finding on this issue. These facts are not complex enough to warrant the appointment of counsel. Additionally, while Plaintiff asserts he is incapable of articulating his position, to date the Court has found Plaintiff can sufficiently communicate his arguments.[1]

---

[1] There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present.

1  Next, Plaintiff seeks a continuance of the evidentiary hearing because it takes Plaintiff 7 to 10 days to obtain photocopies. Defendant's motion has been pending since December 22, 2005. Plaintiff was given leave to supplement his response on April 4. 2006. Plaintiff was given notice that there would be an evidentiary hearing by the order of May 30, 2006. While Plaintiff does not specify what he still has outstanding to copy, there are more than 10 days between now and the hearing (set for August 10) and certainly more than 10 days from when he received notice of the hearing on May 30. Therefore, the Court will not delay consideration of Defendant's motion any longer.

Finally, Plaintiff has filed two motions seeking assistance from the Court to compel the testimony of certain officers. These requests will be denied. The motion to dismiss was filed by Defendant and Defendant has the burden of presenting the relevant evidence via its witnesses to prevail on the motion. Additionally, Plaintiff has the burden of issuing his own subpoenas and the Court will not issue subpoenas on his behalf.

Based on the foregoing,

**IT IS ORDERED** withdrawing the reference to the Magistrate Judge on Plaintiff's pending motions (Docs. ## 53-1, 53-2, 55 and 56); all other matters shall remain with the Magistrate Judge as appropriate;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. #53-1) is denied;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. #53-2) is denied;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Subpoenas and Motion for Issuance of Writs (Docs. ## 55 and 56) are denied; and

---

Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The court must review both of these factors together in deciding whether or not to appoint counsel. Id.

**IT IS FURTHER ORDERED** confirming the evidentiary hearing on Defendant's Motion to Dismiss (Doc. #17) will be held on August 10, 2006 at 2:30 p.m.

DATED this 28th day of June, 2006.

James A. Teilborg
United States District Judge

- 3 -