**WO**                                                                                                         JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie C. Burns, Jr., | No. CV 04-3008-PHX-JAT (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sgt. Matos, et al., | |
| Defendants. | |

In this civil rights action brought by Plaintiff Willie C. Burns, Jr., all claims against Defendants Matos and Ontiveros were dismissed for failure to exhaust administrative remedies (Doc. #43). The Court then entered summary judgment in favor of Defendant Holcomb (Doc. #106). The sole remaining Defendant, Monroe, was ultimately dismissed for failure to serve (Doc. #112). Judgment was entered, and the action was terminated (Doc. #113).

Plaintiff has filed a motion under Federal Rules of Civil Procedure 60(b) and 59(e) in which he argues that the dismissals of Matos, Ontiveros, and Monroe were unsupported by the evidence and manifestly unjust (Doc. #114). No response was submitted.

The Court will deny Plaintiff's motion.

**I.     Background**

Plaintiff's claims arose in April 2004 during his confinement in the Morey Unit at the Arizona State Prison Complex-Eyman (Doc. #95 ¶¶ 6, 8). Plaintiff alleged that his Eighth Amendment rights were violated when (1) Ontiveros failed to protect Plaintiff when he

**JDDL**

allowed dangerous inmates to be housed in the same area as Plaintiff, (2) Matos refused to move Plaintiff from a cell where an inmate threatened Plaintiff and later attacked him, and (3) Holcomb and Monroe watched a knowingly dangerous inmate approach Plaintiff and attack him in the dining area (Doc. #1 at 6E).

Ontiveros and Matos filed a Motion to Dismiss the claims against them for failure to exhaust administrative remedies (Doc. #17). In April 2006, the Court granted the motion and dismissed Ontiveros and Matos (Doc. #43). Plaintiff then moved to vacate that Order on the grounds that Defendants' counsel committed fraud and misrepresentation in the presentation of the Motion to Dismiss (Doc. #86). The Court denied Plaintiff's motion to vacate because there was no evidence demonstrating that Defendants' evidence in support of their Motion to Dismiss was false or misleading (Doc. #106). And because Plaintiff merely reargued his opposition to dismissal for nonexhaustion, the Court construed the motion as one for reconsideration but found that there was no new evidence or clear error warranting reconsideration (id.).

After Ontiveros, Matos, and Holcomb were dismissed from the action, the sole remaining Defendant was Monroe, who had not been served. The record reflects that the U.S. Marshal made numerous attempts to serve Monroe, including personal service after direct order from the Court (Doc. ##8, 20, 26, 46, 109). In addition, Defendants provided two last known addresses for Monroe for the purposes of service (Doc. ##18, 38), and the Court extended the time for service beyond the 120-day time frame provided under Federal Rule of Civil Procedure 4(m) (Doc. #108). But service was never effected on Monroe.

In finding that Plaintiff failed to show good cause for failure to serve Monroe, the Court noted that Plaintiff had been informed to direct inquires about Monroe to Defendants (Doc. #35), and the time for discovery was extended (Doc. #100). The Court also found that Plaintiff's assertions that defense counsel had withheld information were unsupported (Doc. #112). Monroe was therefore dismissed for failure to effect service, and judgment was entered (id.).

- 2 -

Plaintiff now moves to vacate the orders dismissing Matos, Ontiveros, and Monroe pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6) on the grounds that (1) there was no evidence supporting the dismissal of Ontiveros and Matos and (2) dismissal of Monroe was manifestly unjust in light Plaintiff's inability to access addresses for purposes of service (Doc. #114 at 2-3). Plaintiff also requests that the Court grant a new trial under Federal Rule of Civil Procedure 59(e) (Doc. #114).

Defendants did not file a response.

## II.   Motion to Vacate Judgment

The Court may relieve a party from an order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; or (6) any other reason justifying relief from the operation of judgment. Fed. R. Civ. P. 60(b). Plaintiff cites to subsections (1), (3), and (6) in support of his motion to vacate dismissal of Matos, Ontiveros, and Monroe.

Plaintiff also relies on Rule 59(e), but because there was no trial in this matter, the Court construes his request as one to alter or amend judgment. Fed. R. Civ. P. 59(e).

### A.   Mistake, Inadvertence, or Excusable Neglect Under Rule 60(b)(1)

Relief under Rule 60(b)(1) is not limited to mistake or inadvertence by a party; it may be applied where the mistake was made by the court. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999). "Because the words 'mistake' and 'inadvertence' are not so limited, they may include mistake and inadvertence by the judge." Id. Plaintiff argues that dismissal of Ontiveros and Matos was a mistake by the Court because there was no evidence in the record that a grievance could have been filed (Doc. #114 at 2).

On an unenumerated motion to dismiss, the defendants bear the burden of proving lack of exhaustion and therefore must demonstrate that a system is available for submitting grievances. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). In granting dismissal for nonexhaustion, the Court

1 relied on the affidavit of a Hearing Officer with the Arizona Department of Corrections,
2 which was attached to the Motion to Dismiss (Doc. #17, Ex. B, Aurora Aff.). And the
3 affidavit testimony was supported by the Inmate Grievance System Policy, Department Order
4 802, a copy of which was also proffered by Defendants (id., Ex. A). The Court finds that
5 there was no mistake in relying on this evidence; thus, Plaintiff is not entitled to relief under
6 Rule 60(b)(1).

### B.   Fraud or Misrepresentation under Rule 60(b)(3) and Other Reason Justifying Relief Under Rule 60(b)(6)

To prevail on a Rule 60(b)(3) motion, the movant must prove by clear and convincing evidence that the judgment resulted from "fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000) (citations omitted). The Ninth Circuit has held that a party merits relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (*per curiam*).

Plaintiff argues that the dismissal of Ontiveros and Matos constituted manifest injustice and entitles him to relief under Rule 60(b)(6) (Doc. #114 at 2). He further claims that the denial of access to a phone book or Monroe's social security number amounts to misconduct by Defendants—in deliberately "blocking vindication of federal rights"—and manifest injustice, thereby presenting extraordinary circumstances beyond Plaintiff's control that prevented him from serving Monroe (id. at 2-4).

Because there was sufficient evidence supporting dismissal of Ontiveros and Matos for nonexhaustion, there are no grounds for relief under Rule 60(b)(6).

As to Monroe, the Court finds that there was no fraud or misconduct by Defendants nor any extraordinary circumstances beyond Plaintiff's control that prevented service of process. In its prior Order, the Court noted that Plaintiff had been specifically informed that he was to serve requests for information about Monroe directly on Defendants (Doc. #112

1  at 5). This notice to Plaintiff about his obligation to ascertain information through the
2  discovery process was given to him in March 2006—more than 18 months before the
3  deadline for service of process on Monroe (Doc. #35; see Doc. #108, Order extending time
4  in which to serve Monroe to October 3, 2007). It was Plaintiff's responsibility to provide the
5  information necessary to identify Monroe for service. Walker v. Sumner, 14 F.3d 1415, 1422
6  (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). The
7  record shows that Defendants provided two last known addresses and the Marshal attempted
8  service four times (see Doc. #112 at 4-5). These facts prohibit any finding of fraud or
9  misconduct by Defendants, and Plaintiff presents no clear and convincing evidence otherwise
10 that would support such a finding under Rule 60(b)(3). Likewise, the motion falls well short
11 of demonstrating "extraordinary circumstances" that would entitle Plaintiff to relief under
12 Rule 60(b)(6). Plaintiff is therefore is not entitled to relief under Rule 60(b).

### C. Motion to Alter or Amend Judgment Under Rule 59(e)

Alteration or amendment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). It is only appropriate if "(1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (citing School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).

//
//
//
//
//

Plaintiff makes no showing that alteration or amendment of the judgment is proper.

1  He fails to present any new evidence or cite to any new case law that would support vacating
2  or amending judgment. Nor does Plaintiff demonstrate that the Court's ruling was manifestly
3  unjust. Plaintiff's motion will be denied.
4        **IT IS ORDERED** that Plaintiff's Motion to Vacate Judgment (Doc. #114) is **denied**.
5  DATED this 18th day of January, 2008.

                                    James A. Teilborg
                                  United States District Judge